## CONDRON CO. v. CORRUGATED BAR CO.

(Circuit Court of Appeals, Seventh Circuit. March 18, 1922.)

No. 2814.

1. **Patents ⊚→328—1,005,756, claims 2, 4, 6, 7, for reinforced concrete floor construction, held invalid.**

The Sinks patent, No. 1,005,756, claims 2, 4, 6, and 7 for an improvement in reinforced construction of floors resting on supporting posts, which differed from prior patents by substituting rods for heavy meshed wire and by a different arrangement of the rods, *held* void for want of invention.

2. **Patents ⊚→20—Facility in estimating strength or cost does not make patentable a structure not otherwise disclosing invention.**

The fact that a change in the arrangement of reinforcing rods for concrete floor construction made it easier to estimate the required strength of the materials and the cost of construction does not make it patentable, where the changes in the structure itself did not involve invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit for infringement of a patent by the Condron Company against the Corrugated Bar Company. From a decree dismissing the bill (256 Fed. 672), complainant appeals. Affirmed.

Melville Church, of Washington, D. C., and Arthur M. Hood, of Indianapolis, Ind., for appellant.

Wallace R. Lane, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. The action was for infringement of Sinks patent, No. 1,005,756, October 10, 1911. On the hearing claims 2, 4, 6 and 7 were relied on. The District Court dismissed the bill for want of equity on the ground of invalidity.

[1] The patent is in the art of reinforced concrete construction of floors resting upon supporting posts. The patent calls it a "monolithic structure," the reinforced concrete of the supporting posts and of the floors being molded together. The claimed achievement is through such an arrangement of reinforcing bars, extending rectangularly from post to post, crossing each other above the posts, whereby this part of the structure will constitute what in the patent is termed "inclosing slabs," constituting part of the floor, and at the same time affording support for the intervening floor filling the space between these "inclosing slabs." The intervening slabs are directly strengthened and supported by transverse bars extending between and supported by the inclosing slabs, and are disposed within the slab, so as to be where the greatest tensile strength is necessary. But when completed the entire floor is in fact a single slab, without any deep supporting beams below, save only as the widely flaring post tops of the patent in a measure serve the function of such beams.

Advantage is claimed, not only in doing away with deep floor beams or girders, but also in enabling engineers more readily and accurately

⊚→For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to figure strains and stresses. Reinforced concrete floors, supported by succession of posts, without the deep floor beams or girders, were not new with Sinks. Norcross—patent No. 698,542, 1902—showed such a floor. It does not appear that his supporting posts were monolithic with the floors; but this is a mere detail of construction, wherein patentability does not reside, and is not claimed. His reinforcing agent was not rods; but he describes a heavy meshed wire, and extends it rectangularly from post to post, thus having in the same sense as Sinks inclosing slabs, in that his heaviest reinforcement is directly from post to post. To substitute rods of varying dimensions, for taking care of the estimated strain, would not involve invention.

Patent No. 1,003,384, to Turner, September 12, 1911, though not necessarily in the prior art, shows a peculiar arrangement of rods just above the posts and for supporting the intervening floor he had rods extending diagonally from post to post instead of rectangularly between the inclosing slabs as in Sinks. He showed the same absence of floor beams and girders. The District Court of New Jersey (236 Fed. 252) held this patent and divisional patent to Turner No. 985,119 invalid, and in sustaining the decree in that case the Court of Appeals said:

"There is to-day neither invention nor novelty in merely placing metal reinforcement in concrete at places at which strains come. The very principle of reinforcement, as the word denotes, is to give force to or strengthen the place that is weak by adding something that is strong. Invention in reinforcement is to be found only in discovering a new principle or in employing new means embodying the old principle. Therefore one striving to find a new principle, or to invent a new means of concrete reinforcement under the old principle, enters a well-known and widely practiced art, and must do something more than care for tensile strains at places where they are known to come." Turner v. Lauter Piano Co., 248 Fed. 930, 161 C. C. A. 48.

In Turner v. Deere & Webber Building Co., 249 Fed. 752, 161 C. C. A. 662 (8th C. C. A.), the court, passing upon claims of Turner's divisional patent, No. 985,119, said:

"The evidence of prior practice in building and prior publications and patents show that little was left for patentable invention in placing the customary pieces of metal here or there, or turning them this way or that, in the mass of concrete."

The decree was sustained, holding the claims there in issue void for want of invention.

[2] As to the contention of greater facility in the Sinks structure for figuring strains and stresses, this would not support the claims of the patent, particularly as no method for figuring them is pointed out by Sinks. We are not aware that an alleged improvement in a structure, not in itself involving invention, would be patentable merely because it might be more easy to estimate its strength, or to figure its cost. From a reading of the opinion of Judge A. L. Sanborn, who heard the case in the District Court, we are satisfied that a proper disposition of the case was there made. 256 Fed. 672.

The decree of the District Court is affirmed.